**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL NO.  3:02CR145**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **BRUCE CHARLES HEGGEN** | ) | |
| | ) | |


**THIS MATTER** is before the Court on the Defendant's motion for the return of property

seized in connection with his arrests on federal charges.


## I.  PROCEDURAL HISTORY

On April 3, 2000, the Defendant was indicted in Criminal No. 3:00cr67, for passing

counterfeit checks.  He entered into a plea agreement with the Government on April 27, 2000,

pursuant to which he pled guilty to one of the eight counts of the indictment and agreed to forfeit

any property involved in the offense.  He was sentenced on December 12, 2000, to 37 months

imprisonment followed by a 5-year term of supervised release and ordered to pay $94,631.55 in

restitution.  Defendant was allowed to self-report to the federal correctional facility to be

designated by the Bureau of Prisons.

On March 15, 2001, the Defendant was indicted in Criminal No. 3:01cr46, for failing to

self-report to begin serving his prison sentence in the criminal case recited above.  On June 26,

2001, he entered a plea of guilty without benefit of a plea agreement and was sentenced on

August 22, 2001, to serve a 21-month term of imprisonment to run consecutively to the above case, followed by two years of supervised release. No restitution was ordered.

On May 7, 2002, the Defendant was indicted in this case with ten counts of bank fraud and one count of credit card fraud. The time period at issue spanned from August 1, 2000, through February 14, 2001. On August 14, 2002, the Defendant pled guilty to all eleven counts of the indictment. On September 26, 2002, the undersigned sentenced him to 75 months imprisonment to run consecutively to the terms in the above two cases. Defendant was ordered to pay $59,125.66 restitution.

## II. MOTION FOR THE RETURN OF PROPERTY

Defendant seeks the return of 28 separate items of personal property which he claims were taken from his car and hotel rooms when he was arrested on February 14, 2001. The Government responds that no forfeiture was sought in the last two cases; however, he was ordered to pay restitution in the first and third cases. The Government acknowledges that certain items were seized from the Defendant's Ford Explorer incident to his arrest on February 14, 2001, and other items were seized from two hotel rooms after consent was given by the Defendant. In addition, on March 15, 2000, items were seized from a residence after consent of the Defendant was given. Restitution, the Government argues, may be paid from assets seized during arrest. In addition, the Government acknowledges that ten items were donated to local charities without court order while one item had no value and was destroyed. According to the Government, ten items listed on the Defendant's proposed inventory were never taken into

custody  Another two items could not be identified as being in federal custody based on the Defendant's description.

"Upon the entry of judgment of conviction, a lien arose in favor of the government on all of [Defendant's] property and rights to property, which will last until his restitution debt is satisfied." *United States v. Kaczynski*, **416 F.3d 971, 973 (9th Cir. 2005) (citing 18 U.S.C. § 3613(c)); *Lavin v. United States*, 299 F.3d 123, 127 (2d Cir. 2002).** This judgment lien "gives the government a sufficient cognizable claim of ownership to defeat [Defendant's] motion for return of property [pursuant to Federal Rule of Criminal Procedure 41(g)]." *Kaczynski, supra.* A "valid restitution order under the Victim and Witness Protection Act (VWPA) gives the government a cognizable claim of ownership to defeat a defendant's motion for return of property, 'if that property is needed to satisfy the terms of the restitution order.'" *Id.*, **at 974 (quoting *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)).** And, because a restitution order is enforceable as a lien, "a court may order that a defendant's property already in the government's possession be applied to his restitution debt" to the extent the property is needed to satisfy the terms of the restitution judgment. *Id.* The "government has some degree of discretion as to how to enforce the restitution lien[.]" *Id.*, **at 976.** Moreover, because the restitution lien continues for 20 years or until the liability is satisfied, the Defendant's argument that the Government delayed in this matter is futile. *Lavin, supra.* Nor was the Government required to forfeit such property before applying it to restitution. *United States v. Gallant*, **306 F.3d 1181, 1189 (1st Cir. 2002); *United States v. VanHorn*, 296 F.3d 713 (8th Cir. 2002).**

It also appears settled that the Defendant has no recourse against the Government for the destruction or donation of property. "[S]overeign immunity bars monetary relief in a Rule 41[g]

proceeding when the government no longer possesses the property." ***Clymore v. United States***, **415 F.3d 1113, 1120 (10ᵗʰ Cir. 2005); *United States v. Jones*, 225 F.3d 468 (4ᵗʰ Cir. 2000).** As a result, the Defendant is not entitled to any relief.[1]

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for the return of property is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's motion for additional time to reply to the Government's response is hereby **DENIED**.

---

[1]As to the Government's claim that it is not in possession of certain items, the Court finds a hearing unnecessary as to this issue.  Even if the Government had possessed the items and either destroyed or donated them, the Defendant would not be entitled to any relief based on the law as it presently stands.  Thus, the issue is moot.

**Signed: September 1, 2005**

Lacy H. Thornburg
United States District Judge